UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                            Case No. 07-20411

v.

                                            Hon. George Caram Steeh

D-6 KEENA BROOKS,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE AND MOTION TO APPOINT COUNSEL

Defendant Keena Brooks filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255. She also requests the appointment of counsel. For the reasons explained below, Brooks's motions are denied.

## BACKGROUND FACTS

In 2009, Brooks pleaded guilty to conspiring to distribute crack cocaine. Based upon two prior drug trafficking convictions, Brooks qualified as a career offender and faced a guidelines range of 262 to 327 months. The court sentenced Brooks to 132 months of imprisonment based upon the substantial assistance she provided to the government, among other factors.

Because she "played a minor role in the conspiracy," Brooks contends that Amendment 794 to the United States Sentencing Guidelines should apply to reduce her sentence. The United States Sentencing Commission issued Amendment 794 in November 2015. Amendment 794 clarifies the circumstances under which courts may grant a minor- or minimal-role reduction under U.S.S.G. § 3B1.2. *See* U.S.S.G. § 3B1.2, cmt. n.3(C) (2015).

## LAW AND ANALYSIS

As an initial matter, although Brooks brings her motion pursuant to 28 U.S.C. § 2255, it is properly construed under 28 U.S.C. § 3582. "[W]hen the motion argues that sentencing guidelines have been modified to change the applicable guidelines used in the defendant's sentencing[,] then the motion is rightly construed as a motion to amend sentencing pursuant to § 3582. . . . On the other hand, when a motion . . . otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion." *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007). *See also United States v. Fowler*, 2018 WL 834615 at *2 (E.D. Tenn. Feb. 12, 2018) (construing § 2255 motion based upon Amendment 794 as a § 3582 motion). Because Brooks bases her § 2255 motion on an amendment to the Sentencing

Guidelines, the court will construe it as a motion to modify her sentence pursuant to § 3582.

As a general rule, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, the statute provides an exception for defendants who have been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o). . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Because Amendment 794 went into effect after Brooks was sentenced and her ability to appeal was exhausted, the court has the authority to resentence her only if Amendment 794 is applied retroactively. *See United States v. Horn*, 679 F.3d 397, 400 (6th Cir. 2012). The Sentencing Commission has the power to determine whether its amendments reducing sentences will be given retroactive effect. *Id.* According to the Sentencing Commission's policy statement, U.S.S.G. § 1B1.10(a), amendments that are to be applied retroactively are listed in U.S.S.G. § 1B1.10(d). Amendment 794 is not among those listed. Accordingly, the court is without the authority to reduce Brooks's sentence pursuant to Amendment 794 and 18 U.S.C. § 3582(c)(2). *See* U.S.S.G. §

1B1.10(a)(2)(A) (reduction in the defendant's prison term not authorized if none of the amendments listed in U.S.S.G. § 1B1.10(d) are applicable to defendant); *Klosowski v. U.S.*, 2016 WL 6696023 (E.D. Mich. Nov. 15, 2016) (Amendment 794 not applied retroactively); *United States v. Dixon*, 2017 WL 550558 (E.D. Mich. Feb. 10, 2017) ("[T]he Court has no power to retroactively apply Amendment 794."); *Fowler*, 2018 WL 834615 at *3 (same).

Brooks's claim similarly fails if it is analyzed under § 2255. The Sixth Circuit has held that claims seeking the retroactive application of Amendment 794 are generally not cognizable under § 2255. *Diaz v. United States*, 2017 WL 6569901, at *1 (6th Cir. June 23, 2017) ("Where, as here, a defendant did not challenge his sentence on direct appeal, a clarifying amendment may provide the basis for § 2255 relief only if it brings to light a 'complete miscarriage of justice.'"). Brooks has not alleged facts suggesting an error of constitutional magnitude, let alone a "complete miscarriage of justice."

Moreover, even if Amendment 794 were to apply retroactively, it does not support a modification of Brooks's sentence. Because Brooks was sentenced as a career offender, she does not qualify for a downward adjustment based upon her alleged minor participation in the offense. *See,*

*e.g., United States v. Cashaw*, 625 F.3d 271, 273-74 (5th Cir. 2010) (holding "the minor participant adjustment does not apply to the career offender provision in Guidelines § 4B1.1" and noting that "every other circuit to consider the issue" is in agreement).

Brooks has also filed a motion for the appointment of counsel. The court may appoint counsel for those seeking relief under § 2255 when the "interests of justice so require." 18 U.S.C. § 3006A. The court finds that the interests of justice would not be served by the appointment of counsel, as Brooks has failed raise a meritorious issue.[1] *See also United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009) ("[S]ince there is no statutory or constitutional right to counsel for a § 3582(c)(2) motion or hearing, the decision to appoint an attorney is left to the discretion of the district court.").

## CONCLUSION

Therefore, IT IS HEREBY ORDERED that Brooks's motion to vacate sentence (Doc. 309) is DENIED.

IT IS FURTHER ORDERED that Brooks's motion for abeyance and request for appointment of counsel (Doc. 316) is DENIED.

---

[1] Brooks suggests that her motion "may need to be amended based on arguments similar to" *Mathis v. United States*, 136 S.Ct. 2243(2016). *Mathis* is not applicable here, however, because it addresses predicate offenses under the Armed Career Criminal Act ("ACCA"). Brooks was not sentenced pursuant to the ACCA.

The court declines to issue a certificate of appealability, because Brooks has not "made a substantial showing of the denial of a constitutional right," for the reasons stated above. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22.

Dated: August 20, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 20, 2018, by electronic and/or ordinary mail and also on Keena Brooks #42180-039, Alderson Federal Prison Camp, Inmate Mail/Parcels, Glen Ray Rd. Box A, Alderson, WV 24910.

s/Marcia Beauchemin
Deputy Clerk